W. BRUCE SHURTLEFF, APPELLANT, V. LAURA D. FORNEY ET AL., APPELLEES.

294 N. W. 394

FILED OCTOBER 18, 1940. No. 30885.

*Donald O. Shurtleff,* for appellant.

*Field, Ricketts & Ricketts, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

SIMMONS, C. J.

This case presents the question of whether or not the plaintiff Shurtleff had waived a deficiency judgment against the defendant Forney. The trial court found that a waiver had been made. We concur.

Plaintiff and wife executed a mortgage to the Lincoln Trust Company on some apartment properties as security for a loan. Subsequently plaintiff conveyed the properties to the defendant and wife, and, as a part consideration, the defendant assumed and agreed to pay the trust company mortgage, and also executed a second mortgage thereon to the plaintiff. The loans became in default. Plaintiff foreclosed his second mortgage, and eventually had confirmation of sale to him under his foreclosure. He filed a motion for a deficiency judgment in May, 1937. In the meantime, the First Trust Company, as successor trustee, began a foreclosure of the first mortgage. Separate litigation also arose as to the ownership of the furniture in the properties, with plaintiff taking a position antagonistic to defendant. A determination was had that defendant owned the furniture. An appeal was threatened.

Over a period of time, effort was made to settle all this litigation. Many letters and other papers are in evidence, making proposals and counter proposals. These indicate a desire on plaintiff's part to be relieved of the possibility of a deficiency judgment against himself and wife on the first mortgage and to secure possession of the property, rents, and furniture for the bondholders, and likewise a willingness, if certain conditions were met, to waive a deficiency judgment against defendant. The defendant likewise desired to be relieved from the possibility of a deficiency judgment on both mortgages and to be paid for the furniture, and to that end was willing to surrender certain rents and possession of the property. The bondholders wanted possession of the property and the rents.

In late August, 1937, an agreement was reached between defendant and the bondholders, by which the trust company, acting for the bondholders, purchased the furniture from defendant, received an accounting of rentals, and secured possession of the real estate. The trust company had previously received an assignment of his bid from the plaintiff, so that it could and did take title to the property. The trust company waived deficiency judgment against the plaintiff and defendant on the first mortgage. The defendant demanded as a condition of this settlement that the plaintiff waive deficiency judgment against him. Mr. Schlaebitz, an officer of the trust company, testified in substance that plaintiff was insisting that the trust company secure possession of the property and prevent the defendant from collecting additional rentals, and that plaintiff agreed to waive deficiency judgment against the defendant if deficiency judgment were likewise waived against plaintiff, the possession and rents of the property secured for the bondholders, and the entire litigation settled. Schlaebitz so advised the attorney for the defendant. (Plaintiff admits a conversation with Schlaebitz about the matter, and declares that he refused to waive his right to a deficiency judgment against defendant.) The entire matter seems to have been closed on that basis in August or September, 1937, with the exception that the motion of plaintiff for a deficiency judgment remained pending of record. Two years later plaintiff called up said motion, and hearing was had thereon. The finding of the trial court that plaintiff had waived deficiency judgment against defendant is amply sustained by direct testimony and the circumstances revealed by the negotiations. We find no controlling reason for reaching a different conclusion.

Plaintiff next contends, assuming that the waiver was established, that such agreement was without consideration. This contention is based upon the proposition that several weeks prior to the August settlement he had assigned his rights as purchaser of the property at the foreclosure sale on the consideration that the trust company waive deficiency

judgment against him, and that the trust company in August merely performed an agreement to which it was previously bound.

It appears that in June, 1937, plaintiff submitted an assignment of his bid to the trust company, conditioned upon the trust company's waiving a deficiency against plaintiff and wife. Some of the bondholders objected to plaintiff's being released. The assignment is shown to have been filed July 27. On that same date, the trust company secured an order from the district court authorizing it to waive the deficiency upon receipt of the assignment. That, however, does not complete the story. The following facts also must be considered:

The evidence indicates that the filing of the assignment and the securing of the court order in July, 1937, was a step toward final settlement of the litigation. This is shown by a number of matters, including the fact that the trust company did not direct its attorney to waive the deficiency until September 3. The defendant, in August, refused to surrender possession of the property, account for rents (both of which acts plaintiff desired he do), or sell the furniture unless he was released from a claim for a deficiency judgment by both the trust company and plaintiff. The trust company did not receive authority to release plaintiff until a meeting of the bondholders on August 23, when authority, conditioned upon a settlement, was voted by a majority of the bondholders. Although plaintiff now claims that he had assigned his bid and been released by the trust company in July, 1937, yet he (for himself and a bondholder) thereafter continued an active participation in the negotiations for a settlement of this litigation, and protested the purchase of the furniture.

"There are two kinds of consideration,—that which confers a benefit upon the promisor and that which causes a detriment to the promisee. Either is a valid consideration which will support a contract." *United States Fidelity & Guaranty Co. v. Curry*, 126 Neb. 705, 254 N. W. 430.

Although negotiations were in progress for some time

prior to August, 1937, it is apparent that the benefits conferred and the detriments caused by this settlement were considerations which moved to and against the several parties at the time the litigation was terminated, and that ample consideration is shown.

AFFIRMED.